## AVANT GAS SERVICE CO. v. CORPORATION COMMISSION et al.

No. 27599.    Feb. 28, 1939.

Rehearing Denied April 11, 1939.

E. S. Ratliff, for plaintiff in error.

J. B. A. Robertson and S. J. Gordon, for defendants in error.

GIBSON, J.    The Avant Gas Service Company has appealed from an order of the Corporation Commission denying petition for authority to revise and change the rate for natural gas in the town of Avant as in said petition requested.

The gas company is now, and has been for a number of years, losing money in furnishing gas to the inhabitants of Avant solely by reason of the present established rate. To increase the rate to a figure where the present volume of consumption might render a reasonable return will not solve the difficulty, for, as charged by the company and

found by the commission, numerous consumers by reason of inability to pay will discontinue service and, as a result, the income will not provide the return to which the company is in law entitled.

The company, on account of these conditions, seeks permission to establish a flat rate per M. cubic feet within the ability of the people to pay, and authority to charge each consumer a designated monthly service charge or minimum bill, asserting that such a charge or bill against each meter will serve to equalize the cost of service among consumers and make possible a reasonably low rate per M. cubic feet which with the monthly service charge or minimum bill will give to the company a fair return, and to the consumer a rate reasonably fair and equitable under the circumstances.

The commission found that the greater number of bills rendered for gas service in Avant fall far short of the actual cost of the service rendered, thus casting upon the smaller percentage of patrons, those who purchase larger quantities of gas, the burden of paying not only for their own service but the additional burden of contributing to the deficit created by the greater number of consumers; that is to say, a small percentage of the consumers must pay the cost of service common to all.

The commission found that an increase in flat rate sufficient to bring a fair return would be unduly burdensome upon that class of consumers who use reasonable quantities of gas, and, as we have said, the increase would not solve the difficulty. The petition was denied solely on the ground that section 11620, O. S. 1931, 52 Okla. Stat. Ann. sec. 42, prohibits gas utilities from making and maintaining a fixed minimum charge for gas, or for the use of gas meter, or for the inspection of any gas meter used on the premises of any consumer, and provides that the consumer shall be charged only for the gas used or consumed as registered by the gas meter.

This appeal attacks the constitutionality of said statute.

It is said, first, that the statute as interpreted by the Corporation Commission will result in depriving the gas company of its property without due process of law.

The evidence, without room for doubt, shows that the gas company cannot continue in business and serve the citizens of Avant at a flat meter rate alone and avoid ultimate loss of its property. It is entitled to operate its business and to realize a reasonable profit therefrom. Any statute that would deprive it of either of those rights stands squarely in opposition to that portion of the 14th Amendment to the federal Constitution which declares that the state shall deprive no person of his property without due process of law. Though the company's business is stamped with a public interest, it is entitled to operate the same and to receive from such operation a fair return in profit to be calculated under certain established rules and principles applicable in such cases. If the state in its attempt to regulate rates and service goes beyond that point of restriction, it must be concluded that it has exceeded the limitations placed upon it by the federal Constitution, in that such action would result in an appropriation of the company's property without compensation, thus to abridge the privileges and immunities to which it is entitled as a citizen of the United States, and to take its property without due process of law.

The gas company alleges in its petition that it can continue its service and make a fair return if allowed to place in effect a rate of 65 cents per thousand cubic feet for the first 5,000 per month, 50 cents per thousand cubic feet for all in excess of 5,-000, and $1.25 per month service charge to each consumer. The commission made no finding concerning the reasonableness of these proposed rates.

Our function here is merely to say whether or not the commission should, in the face of section 11620 aforesaid, consider the merits of this demand.

Monthly service charges and minimum monthly bills have been recognized in a number of jurisdictions as necessary elements for consideration in fixing equitable rates on the theory that the cost of service without such a charge is unequally distributed among consumers. City of Rochester v. Rochester Gas & Electric Corp. (N. Y.) 134 N. E. 828; Rivelli v. Providence Gas Co. (R. I.) 115 Atl. 461; New York, etc., Gas Co. v. Prendergast (D. C.): 1 Fed. 2d 351. A minimum charge for service is in fact a rate. Blanket rates throughout the state are impossible of definite establishment by the Legislature. Though a general act applying to rates may in some instances be enforced with proper and legal effect, it may be wholly unsuitable in others and result in unconstitutional infringement upon the utility's rights. If

section 11620 actually prevents a reasonable return, then it must give way in the particular case. Appropriate here is the language of Justice Cardozo in Municipal Gas Co. v. Public Service Comm., 225 N. Y. 89, 95, 96. When speaking of a rate statute he said:

"* * * Into every statute of this kind, we are to read, therefore, an implied condition. The condition is that the rates shall remain in force at such times and at such only as their enforcement will not work denial of the right to a fair return. When the return falls below that level, the regulation is suspended. When the level is again attained, the duty of obedience revives. There would be no obscurity about this if the condition were expressed. It is no less binding because it is implied. The Constitution is the supreme law; and statutes are written and enforced in submission to its commands."

Section 11620 is a regulation.

Where rates are susceptible of proper adjustment without a monthly service charge or minimum bill, the statute prohibiting such charge should be observed by the rate-fixing officers. The better view is that statutes of the character of section 11620 are not necessarily void in their inception, but are, in their application, subject to changing times and conditions, and to different localities and their respective demands.

In New York, etc., Gas Co. v. Prendergast, supra, the federal district court had under consideration a statute of New York fixing a maximum flat rate per thousand cubic feet for gas, and another, similar to section 11620, prohibiting a service charge. Concerning the question of fixing rates under those statutes, the court announced the rule as follows:

"It is within the power of a Legislature to prescribe the form of charges by a gas company, and a statute prohibiting a 'service charge' is in itself constitutional and valid: but when, taken in connection with another statute or order of a Public Service Commission fixing a maximum price for gas, it so reduces the entire permissible charge that it becomes confiscatory, it is unconstitutional."

And in U. S. Light & Heat Corp. v. Niagara Falls Gas & Electric Light Co. (D. C.) 23 Fed.2d 719, the court in language highly appropriate to the instant situation summed up the legal effect of such statutes when the same interfere with the utility's right to a reasonable return. The language is as follows:

"* * * Here, as already stated, the evidence in its entirety warrants holding that in prohibiting the so-called service charge to consumers of gas at Niagara Falls, the gas company is estopped from allocating the cost of production to the consumers in equal proportions, and, moreover, is prevented from earning a reasonable profit upon its invested capital. The enforcement of the particular statute in controversy (subdivision 6 of section 65) must, therefore, be held to be confiscatory and in violation of the constitutional rights of both plaintiffs and of the defendant Niagara Falls Gas & Electric Light Company."

Though the Circuit Court of Appeals reversed the latter cause on the ground of improper parties (47 Fed.2d 567), the pronouncement of the law by the district court was recognized as the correct view in such case.

Counsel for the Corporation Commission advance the argument that the federal decisions above did not hold the service charge statute unconstitutional, but held both the maximum flat rate statute and the service charge statute, when considered together, to be unconstitutional. The distinction between that and the present situation is not of sufficient importance to make a real difference. In this state the commission, under delegation of authority from the Constitution and the Legislature, fixes the maximum flat rate to suit the circumstances of each case. If at any time the flat rate as so fixed will not permit a fair return, the enforcement thereof would be to violate the utility's constitutional guarantee. And likewise, if a maximum flat rate sufficient to render the proper return is impossible of promulgation by reason of some restrictive statute, the latter must be cast aside in favor of the constitutional guarantees. Such is the case here. Section 11620, a rate statute, if enforced, will deprive the utility of all opportunity to realize the return to which it is entitled, for the commission will be rendered powerless to afford it relief.

Here it is conclusively shown that to establish a flat meter rate sufficient to permit a reasonable return without the additional monthly service charge or minimum bill is impossible. The gas company asserts that it can continue service at a reasonable flat rate if allowed to collect a monthly service charge, and that such combination of rates will be within the ability of its consumers to pay. In these circumstances it should be accorded the opportunity of a hearing to that end, and the

provisions of section 11620 should be suspended, and, in this particular case, disregarded. The company must be authorized to collect, in addition to the flat meter rate to be designated, a fixed monthly service charge, or, in the alternative, to render and collect a minimum monthly bill from those consumers who fail to use the minimum volume of gas to be named by the commission, the alternative to be dependent upon the circumstances as disclosed upon hearing.

Counsel for the commission say this court is without jurisdiction to review a rate case of this character, contending that the matter is one of administrative concern and not judicial, sec. 1, art. 4, Const. But that question has been heretofore decided adversely to counsel's contention. We accord judicial review to such orders. We will affirm or reverse, or will render such order as the commission should have rendered where judicial action will warrant, and will remand for further procedure where remand is appropriate. See Oklahoma Cotton Ginners' Ass'n v. State, 174 Okla. 243, 51 P.2d 327.

Our conclusion necessitates a remand of this cause to the Corporation Commission with direction to proceed with the hearing on the gas company's petition in accordance with the views herein expressed.

It is so ordered.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur. RILEY, J., dissents. CORN, J., absent.