32 So.2d 886

**AVERY FREIGHT LINES, Inc., v. PERSONS et al.**

**3 Div. 471.**

Supreme Court of Alabama.
Oct. 16, 1947.

Rehearing Denied Dec. 18, 1947.

Wm. S. Pritchard and Winston B. Mc-
Call, both of Birmingham, and Hill, Hill,
Whiting & Rives, of Montgomery, for ap-
pellant.

A. A. Carmichael, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for appellees.

STAKELY, Justice.

This is an appeal from a final declaratory judgment of the Circuit Court of Montgomery County, wherein it was adjudged and declared that the "Avery Freight Lines, Inc." (appellant), "did not have the right and privilege to operate as an irregular common carrier of property on all roads in the State of Alabama in accordance with the terms of the decree of the Circuit Court of Mobile County, in Equity, dated September 30, 1941." The suit was instituted in the Circuit Court of Montgomery County by Avery Freight Lines, Inc. against the members of the Public Service Commission. Georgia Motor Express Co. Inc. and others intervened as parties defendant.

For an understanding of the case it is necessary to consider the effect of the decision of this court when the case was here previously on appeal. Avery Freight Lines v. White et al., 245 Ala. 618, 18 So. 2d 394, 154 A.L.R. 732. On that appeal this court held in effect that the case called for a determination of the legal rights of the Avery Freight Lines, Inc. under the decree of the Circuit Court of Mobile County, in Equity. This court further held that such questions could not be settled until answer had been made. Accordingly the case was remanded to the lower court for such further proceedings. After answer was made, final decree was rendered, as aforesaid.

We think it unnecessary to restate all the facts which are set forth in the opinion on the first appeal. For present purposes it is sufficient to set forth the following. Avery Freight Lines, Inc. made application to the Public Service Commission for a certificate of public convenience and necessity under what is known as the "grandfather clause" of § 8 of the Act of 1939, p. 1069, now § 301(8), Title 48, Code of 1940, Pocket Part. On July 8, 1941, the Public Service Commission denied the same. Avery Freight Lines, Inc. appealed from the order to the Circuit Court of Mobile County as provided by the statute.

On appeal the Circuit Court of Mobile County, in Equity, entered its decree in pertinent part as follows:

" * * * the Court having considered all of the evidence certified by the said Alabama Public Service Commission, being all of the evidence in the cause, and the cause having been argued at length by the respective parties and the Court understanding the evidence and the issues presented, is of the opinion that the findings of facts as set forth in the report of the Commission, including the finding that, 'Immediately after applicant took over these operations, it commenced a more extensive service. It operated some of its equipment as a common carrier over regular routes, though it had no proper authority to do so, and knew at the time it did not have such authority,' did not warrant the Commission in entering its order denying applicant 'Grandfather' rights. The Court is further of the opinion that the Commission erred to the prejudice of applicant's substantial rights in its application of the law to such facts, and that said order here appealed from should be modified to the extent herein provided, wherefore it is by the Court:

"Ordered, Adjudged and Decreed, as follows, the order entered by the Alabama Public Service Commission dated July 8th, 1941, in this matter is modified to provide that the applicant, Appellant, Avery Freight Lines, Inc., is entitled under the provisions of the Alabama Motor Carrier Act of 1939 and more specially Title 48, Paragraph 301(8) Code of Alabama 1940, to have a certificate of convenience and necessity under the proof and petition heretofore filed with the Alabama Public Service Commission, to operate as an irregular common carrier to the extent provided in the motor carrier permit issued to the appellant by Honorable Matt A. Boykin, Judge of Probate of Mobile County, Alabama, on the 22nd day of August, 1940, which gave and allowed applicant, appellant, here the right to operate as an irregular common carrier of property on all roads in the State of Alabama.

"The said order of the Commission is hereby further amended to provide that the Avery Freight Lines, Inc., appellant, may continue the operation of its said business as an irregular common carrier of property on all roads in the State of Alabama."

In holding that this case calls for a determination of the legal rights of the Avery Freight Lines, Inc. under the aforesaid decree of the Circuit Court of Mobile County, in Equity, this Court on the first appeal said: " * * * We think this not a case of judicial interference in matters committed by law to the Commission, but a case for adjudicating, as between the Commission and the plaintiff, the legal rights of the plaintiff under the decree of the Mobile Court. This, in turn, involves a construction of that decree, a determination whether it is void in toto or in part; whether errors in that decree, if any, were errors reviewable only on appeal, or were jurisdictional; to what extent, if any, the decree was without the jurisdiction of the court and void; and, finally, what rights, if any, were adjudicated." Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394, 400, 154 A.L.R. 732.

It seems clear to us that decision in this case must turn on the construction to be given the decree of the Mobile Circuit Court, in Equity, in the light of the statutes under which appeal was taken to that Court. Section 301(27), Title 48, Code of 1940, provides for an appeal from any final action or order of the Public Service Commission as follows: "Appeals.—From any final action or order of the commission in the exercise of the jurisdiction, power, authority, conferred upon the commission by this article, an appeal shall lie to the circuit

court of the county of the carrier's residence, or in which he has his principal place of business or to the circuit court of Montgomery County, Alabama, sitting in equity, and thence to the supreme court of Alabama. Such appeals must be taken within thirty days after the date of such final action or order, and such appeals and the supersedeas and stay of action or order appealed from in other respects shall be governed by the provisions of the law now in force, or hereafter .enacted, respecting appeals in other cases from the final order and actions of the commission."

■ It will be noted that the appeal "shall be governed by the provisions of law now in force, or hereafter enacted, respecting appeals in other cases from the final order and actions of the Commission." Accordingly the foregoing statute must be taken in connection with § 82, Title 48, Code of 1940 (North Alabama Motor Express Co. v. Rookis, 244 Ala. 137, 138, 12 So.2d 183), as follows: "Proceedings on appeal.—The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that: the commission erred to the prejudice of appellant's substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence. Provided, however, the court may, instead of setting aside the order, remand the case to the commission for further proceedings in conformity with the direction of the court. The Court may, in advance of judgment and upon a sufficient showing, remand the cause to the commission for the purpose of taking additional testimony or other proceedings."

■ Under the foregoing statutes, omitting consideration of a remand in advance of judgment because that is not here involved, the circuit court can do only three things. (1) It can affirm the order of the Public Service Commission. (2) It can set aside the order of the Public Service Commission. (3) It can remand the case to the Public Service Commission for further proceedings in conformity with the direction of the court. The legislature evidently did not intend "that the reviewing court should put itself in the place of the commission, try the matter anew as an administrative body, weigh the evidence and substitute its finding and judgment on the merits as that of the commission." State v. Public Service Commission, 234 Mo.App. 470, 134 S.W.2d 1069, 1076; Id., 348 Mo. 613, 154 S.W.2d 777; 51 C.J. p. 758. See Alabama Public Service Commission v. Crow, 247 Ala. 120, 22 So.2d 721. The case of Avant Gas Co. v. Comm., 184 Okl. 583, 89 P.2d 291, 122 A.L.R. 189, cited by appellant, does not appear to be an authority against the position here taken, because in Oklahoma, the state constitution expressly authorizes the court to substitute such order, as in its opinion, the commission should have made. Oklahoma Cotton Ginners' Ass'n v. State, 174 Okl. 243, 51 P.2d 327.

■ Accordingly, while the circuit court is ordinarily .a court of general jurisdiction, in the particular proceeding now before us, it is made a court of limited jurisdiction. by the statutes. "It is the settled rule that where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes quoad hoc, an inferior or limited court. A compliance with the requisitions of the statute is necessary to its jurisdiction, and must appear on the face of its proceedings." State v. Mobile & G. R. Co., 108 Ala. 29, 18 So. 801. See Goodwater Warehouse Co. v. .Street, 137 Ala. 621, 34 So. 903; Gunn v. Howell, 27 Ala. 663, 62 Am.Dec. 785; Partlow v. Partlow, 246 Ala. 259, 20 So.2d 517; Craig v. Root, 247 Ala. 479, 25 So.2d 147.

■■ Before we proceed to a construction of the Mobile decree, we want to be careful to show the limitations of our inquiry. The case is not here on appeal from the Circuit Court of Mobile, in Equity. Accordingly, it is not our function to determine whether or not that court acted correctly or erroneously in making the

findings authorized in § 82, Title 48, Code of 1940. We are only concerned here with (1) the legal power or jurisdiction of the court to render its decree and (2) the rights, if any conferred by the decree. Avery Freight Lines, Inc., v. White, supra; 49 C.J.S., Judgments, § 428, p. 851. It seems clear to us that the last paragraph of the court's decree in which it provides that the carrier "may continue the operation of its said business as an irregular common carrier of property on all roads in the State of Alabama" undertakes an adjudication which is beyond the powers of the court and is void. With exception not here applicable, no carrier can operate in intrastate commerce on the highways of the state unless it first secures the proper certificate or permit and that certificate or permit must be issued by the Public Service Commission. Sections 301(8), 301(11), Title 48, Code of 1940, Pocket Part.

But the fact that we have condemned the aforesaid portion of the court's decree does not necessarily require us to invalidate the entire decree. Avery Freight Lines, Inc., v. White, supra; 49 C.J.S. Judgments, § 450, p. 881. In construing the remainder of the decree, we should consider the legal effect rather than the mere language used. 34 C.J. p. 502; 49 C.J.S., Judgments, § 436. Also that construction will be adopted which will support the decree rather than destroy it. 34 C.J. p. 502; 49 C.J.S., Judgments, § 436. It is obvious that the portion of the Mobile Court's decree now under consideration neither affirms the order of the Public Service Commission nor remands the cause for further proceedings in conformity with the direction of the court. It cannot be regarded as a substitute for the order of the commission. Authorities supra. Does it in effect set aside the order of the Public Service Commission? We think it does. The order of the Public Service Commission denied the certificate of convenience and necessity. The Mobile Court found that the finding of facts by the Public Service Commission did not warrant its order denying the certificate and further that the Commission erred to the prejudice of substantial rights of the

carrier in the application of the law to the facts. The Mobile Court, therefore, held to the contrary of the Commission when the Mobile Court held that the carrier was entitled to a certificate as set forth in its decree. When considered in substance the decree of the court in effect set aside the order of the Public Service Commission.

It will be noted that in setting aside the order of the Public Service Commission the Mobile Court did not remand the case to the Public Service Commission for further proceedings in accordance with the direction of the court. The effect of the decree accordingly is that the case is now before the Public Service Commission for further proceedings without direction from the court. However, the decree of the Circuit Court of Mobile County, in Equity, whether correct or erroneous, became the law of the case so far as the Public Service Commission is concerned, and the Public Service Commission cannot in a subsequent hearing deny the application of Avery Freight Lines, Inc. for a certificate of public convenience and necessity or permit, if the facts remain substantially the same as those appearing on the former hearing before the commission. State v. Public Service Commission, supra: 34 C.J. p. 905; 50 C.J.S., Judgments, §: 712b.

The decree appealed from is correct in declaring appellant has no present right to operate and it is due to be affirmed. We might add, however, that under what is declared in the decree of the Mobile Circuit Court, in Equity, as we have above indicated, appellant does have the right, unless the facts should now be found to be different, to have said certificate issued by the Public Service Commission.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

On Motion for Rehearing.

STAKELY, Justice.

It is urged on application for rehearing that we failed to recognize and give effect to the following provision con-

tained in § .301(8), Title 48, Code of 1940 (Pocket Part), "Pending the determination of any such application the continuance of such operation shall be lawful." The contention is that the last paragraph in the decree of the Mobile Court upheld the right of the carrier to operate without a certificate of public convenience and necessity pending determination of the rights of the carrier under the grandfather clause. We quite agree that the foregoing clause in the statute gives appellant the right to operate without the certificate pending determination of its application under the grandfather clause and it was not our purpose to disturb such right.

However, as we interpret the decree of the Mobile Court, that court was attempting a final decree, disposing of the final rights of the parties and not dealing with temporary rights. Under this view the Mobile Court could not decree that appellant could continue its operations without a certificate of convenience and necessity.

Opinion extended; rehearing overruled.