## SOUTHERN RY. CO. v. ALABAMA PUBLIC SERVICE COMMISSION et al.

### No. Civ. 645–N.

United States District Court
M. D. Alabama, N. D.
Feb. 8, 1950.

J. T. Stokely (of Benners, Burr, Stokely & McKamy), of Birmingham, Charles Clark, of Washington, D. C, and Marion Rushton (of Rushton, Stakely & Johnston), Montgomery, Ala., for plaintiff.

Richard T. Rives (of Rives & Godbold), Montgomery, Ala., and A. A. Carmichael, Attorney General of Alabama, for defendants.

Before McCORD, Circuit Judge, and McDUFFIE and KENNAMER, District Judges.

KENNAMER, District Judge.

Plaintiff, Southern Railway Company, a corporation, organized and existing under the laws of the State of Virginia, is engaged as a common carrier by railroad of persons and property between points within the State of Alabama, and between points in other States throughout the south.

The defendant Alabama Public Service Commission, is an Administrative body, created under the laws of the State of Alabama, and authorized to exercise certain regulatory powers over the plaintiff and other common carriers by railroad within the State of Alabama. Title 48, Section 1, and Section 106, Code of Alabama 1940.

Plaintiff Railway, by complaint as amended, petitions this court for injunctive relief to enjoin the defendants, their agents, etc., from proceeding against the plaintiff, its officers, etc., to enforce any penalties or other remedies provided by the laws of the State of Alabama, by reason of plaintiff's failure to restore the operation of Trains Nos. 11 and 16, as required by order of the defendant Commission of December 5, 1949, and as is inherent in the Commission's report and order of January 9, 1950.

The defendants filed a motion to dismiss the bill of complaint as amended; a motion to stay the proceedings in this court; and, without waiving any of these motions or the grounds thereof, an answer to the bill of complaint as amended.

The court heard this cause, by consent of the parties plaintiff and defendants, on the defendant's motion to dismiss, motion to stay the cause in this court, and on plaintiff's application for a temporary and permanent injunction, and on the merits of the bill and answer.

After the court announced the cause would be so heard, the respective parties offered evidence, and at the conclusion of the taking of the evidence, oral arguments were heard by the court and permission was given the parties to file written briefs with the court within fifteen days, and the cause was taken under advisement by the court.

### Questions to be Determined by the Court.

The main question raised by the motions to dismiss and stay, is, whether this court should entertain this action at this time, irrespective of the impact the orders of the Commission had on the plaintiff, or in spite of their questionable constitutionality.

The main question presented to this court by the bill and answer is, whether the orders of the defendant Commission of December 5, 1949 and January 9, 1950, is a violation of due process of law, as provided for by the 14th amendment to the Federal Constitution, and will result in an illegal confiscation of the plaintiff's property.

### Findings of Fact

1. Plaintiff Railway is a foreign corporation, organized and existing under the laws of the State of Virginia, is engaged as a common carrier by railroad of persons and property between points within the State of Alabama, and between points in other States throughout the south.

2. The jurisdictional amount of three thousand dollars, exclusive of interest, is involved. The bill of complaint, as amended, contains allegations of denial of due process of law, as provided for by the 14th amendment to the Federal Constitution. The parties are properly before the court and this court has jurisdiction to hear and determine the issues involved. No suit is pending at this time in any of the courts of the State of Alabama between the par-

ties to this litigation, therefore, the rule of comity is not applicable.

3. Plaintiff Railway did, on September 13, 1948, file an application with the defendant Commission for authority to discontinue operation in Alabama of Trains Nos. 11 and 16, as required by Sections 35 and 106 of the Code of Alabama, Title 48.

4. Plaintiff Railway did, on October 25, 1949, and in compliance with an order of the Interstate Commerce Commission made to effectuate a saving in the use of coal, discontinue operation of passenger Trains Nos. 11 and 16.

5. Plaintiff Railway did, on November 10, 1949, file a supplemental petition with the defendant Commission for authority to be relieved of the necessity of restoring to operation Trains 11 and 16 within the State of Alabama.

6. The Interstate Commerce Commission did, on November 14, 1949, issue an order vacating and setting aside the order under which plaintiff Railway had, on October 25, 1949, discontinued operation of Trains 11 and 16.

7. Plaintiff Railway did, on numerous occasions, after the filing of the original application with the defendant Commission, and after the filing of the supplemental petition, make requests to the Commission for an opportunity to be heard on the original application and the supplemental petition, but were denied such a hearing by the Commission; the Commission stating that no such hearing would be held until the trains had first been restored to service.

8. The defendant Commission did, on December 5, 1949, enter an order requiring the plaintiff to restore Trains 11 and 16 to service, and calling plaintiff's attention to certain statutory penalties made and provided for in the event of a refusal.

9. Plaintiff Railway did, on December 6, 1949, file in this court, a bill for a temporary restraining order against the enforcement of the order of December 5, 1949 by the Commission. A temporary restraining order was granted by the judge of this court and the hearing on the bill for a temporary and permanent injunction

was set for hearing before a three judge court for December 15, 1949, which hearing, at the request and consent of the defendants, filed in this court on December 14, 1949, was passed until the 9th day of January, 1950, and later, at their request and consent, to the 12th day of January, 1950.

10. The defendant Commission did, on December 8, 1949, hold a hearing at the Court House at Fayette, Alabama, at which time the plaintiff Railway was given an opportunity, and did, present evidence and argument in support of the original application and supplemental petition.

11. The defendant Commission did, on January 9, 1950, make and file a report and order denying the plaintiff's original application and supplemental petition.

12. The defendant Commission took no action on the original application, filed by the plaintiff with the Commission on September 13, 1948, for authority to discontinue operation in Alabama of Trains 11 and 16, from the time the original application was filed until the trains were discontinued by order of the Interstate Commerce Commission on October 25, 1949.

13. That for a period of about fifteen months prior to the filing of the original application for authority to discontinue operation of Trains 11 and 16, the expense of operation of these two trains exceeded the income derived from their operations by over four thousand dollars per month. This financial loss continued from the time the orginal application was made to the Commission until Trains 11* and 16 were discontinued on October 25, 1949.

14. That, in addition to Trains 11 and 16, plaintiff Railway operated, and continues to operate Trains 12 and 15 between Birmingham, Alabama, and Columbus, Mississippi, which Trains 12 and 15, although mixed trains, carrying both freight and passengers, has adequate facilities for hauling and handling the mail, and makes all regular and flag stops made by Trains 11 and 16. Train 15 is due to leave Birmingham daily at 7:15 a. m. and arrive in Columbus at 1:15 p. m. Train 16 is due to leave Columbus at 6:00 a. m. and arrive

in Birmingham at 10:30 a. m. With the discontinuance of Trains 11 and 16, plaintiff did not close, and does not threaten to close, any of the intermediate stations between Birmingham and Columbus.

15. That with the improvement made in highways, the use of privately owned automobiles, buses, trucks, vans, and other modes of conveyances, have increased, thereby causing a steady decline in the use of passenger trains by the travelling public, especially on short runs such as this one between Birmingham and Columbus, a distance of one hundred and twenty-two miles.

16. That the operation of mixed trains, such as plaintiff's trains 12 and 15, now in daily service between Birmingham and Columbus, is adequate and sufficient to meet the demands and requirements of the public for railroad passenger service between these two points.

17. That, to require the plaintiff Railway to continue the operation of Trains Nos. 11 and 16, at this heavy financial loss, which occurred over a long period of time before these trains were discontinued, and, by every prospect and likelihood, would continue should they be restored to service, is an unwarranted and illegal confiscation of plaintiff's property.

### Conclusions of Law

■ The plaintiff, complaining of the constitutional invalidity of a state-made order, is held to the burden of showing that invalidity by convincing proof. Dayton Power & Light Co. v. Public Utilities Comm., 292 U.S. 290, 54 S.Ct. 647, 78 L. Ed. 1267; National Gas Pipeline Co. of America v. Slattery, 302 U.S. 300, 305, 58 S.Ct. 199, 82 L.Ed. 276; Railroad Comm. of State of California v. Pacific Gas & Electric Co., 302 U.S. 388, 58 S.Ct. 334, 82 L.Ed. 319.

■ The right to a fair and open hearing is one of the rudiments of fair play assured to every litigant by the Federal Constitution as a minimal requirement. There must be due notice and an opportunity to be heard, the procedure must be consistent with the essentials of a fair trial, and the Commission must act upon evidence and not arbitrarily. I. C. C. v. Louisville & N. R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; St. Joseph Stock Yards Co. v. U. S., 298 U.S. 38, 56 S.Ct. 720, 80 L. Ed. 1033; Ohio Bell Tel. Co. v. Public Utilities Comm., 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093.

■ When the Commission gives a fair hearing, received and considers the competent evidence that is offered, affords opportunity through evidence and argument to challenge the result, and makes its determination upon evidence and not arbitrarily, the requirements of procedural due process are met, and the question that remains for a federal court is not as to the mere correctness of the method and reasoning adopted by the regulating agency but whether the order will result in confiscation. Railroad Comm. of State of California v. Pacific Gas & Electric Co., 302 U.S. 388, 58 S.Ct. 334, 82 L.Ed. 319.

### Opinion of the Court

■ When considered and weighed in connection with the fact that plaintiff's application for permission to discontinue the two trains had been for about fifteen months on December 5, 1949, before the Commission, and no action whatever taken on the application; the position taken by the Commission that it would not hear nor consider the application until after the plaintiff restored the two trains to service, irrespective of any great further loss and irreparable injury the plaintiff would sustain in obeying the demand of the Commission in restoring the trains to service, the least the Commission could have done under the circumstances, in a proper spirit of fairness and justice, would have been to defer making its demand and calling the attention of the plaintiff to the Alabama statutes providing for the heavy penalties plaintiff would be subject to if it did not promptly comply with the Commission's order.

The manner of treating the application of the plaintiff, then pending before the Commission, it appears to this court, amounted to a threat on the part of the Commission to invoke the penalties provid-

ed for in the Alabama statutes against the plaintiff.

This court is of the opinion and so holds, that the motions to dismiss and stay should be, and are, denied, and the relief as prayed for in the plaintiff's bill of complaint as amended should be, and is, granted.

The attorneys for the plaintiff will prepare and present to the court a proper decree in keeping with this finding and opinion.