### ATLANTIC COAST LINE R. CO. v. ALABAMA PUBLIC SERVICE COMMISSION et al.

#### No. 693–N.

United States District Court
M. D. Alabama, N. D.

Aug. 23, 1950.

Evans Hinson, Montgomery, Ala., Douglas W. Matthews, Atlanta, Ga., Charles Cook Howell, Wilmington, N. C., for plaintiff.

A. A. Carmichael, Atty. Gen., of Ala., M. Roland Nachman, Jr., and Wallace L. Johnson, Asst. Atty. Gen., for defendants.

Before McCORD, Circuit Judge, and McDUFFIE and KENNAMER, District Judges.

KENNAMER, District Judge.

### Statement of the Case

This case, similar in facts and presenting the same points of law as the two cases previously decided by this court, Southern Railway Company, a corporation, v. Alabama Public Service Commission, D.C., 88 F.Supp. 441, and Civil Action #681-N, D.C., 91 F.Supp. 980, is brought by the plaintiff, a foreign corporation, for injunctive relief against the defendants from proceeding to enforce sanctions provided under the laws of the State of Alabama for the failure or refusal of plaintiff to continue the daily operation of local passenger trains 122 and 123 between Birmingham, Alabama, and the Alabama-Georgia State Line, in violation of an order of the defendant Commission; and that said order be declared unlawful, null, void and of no effect.

This court, at the outset of the hearing, announced that the motions filed by the defendants: (a) to stay the call for a three judge court, (b) to stay the proceedings in this court, and (c) to dismiss the cause of action, would be overruled and denied without further argument, the court having heard counsel on two previous occasions on these motions and therefore would continue to adhere to the rulings previously made.

By stipulation of the parties, the court heard the case on both the application for a temporary and permanent injunction.

.Proceeding to the merits of the case, the court took evidence and heard counsel for the respective parties, and, in view of the comprehensive findings, conclusions of law, and opinions rendered in the two previous cases, makes the following concise findings in this case:

### Findings of Fact

Plaintiff, a foreign corporation, operates passenger trains 122 and 123 daily between Birmingham, Alabama, and Manchester, Georgia, at a financial loss of between $12,000 and $16,000 per month, due to the lack of patronage occasioned by improvement in highways and highway facilities such as buses, automobiles, and trucks, which compete with and service the same territory as plaintiff's trains 122 and 123.

2. The defendant Alabama Public Service Commission, created by the State of Alabama, is empowered with authority to regulate public utilities such as the plaintiff Railway, and where public necessity and convenience warrants such, may, in its discretion, require the plaintiff to continue daily operation of such Short Line runs as this one between Birmingham and the Alabama-Georgia State Line, without regard

to the pecuniary loss which may be encountered by the railway company.

3. The plaintiff, as required by State law, petitioned the defendant Commission for authority to discontinue the daily operation of passenger trains 122 and 123, due to the continued heavy financial loss occasioned by the daily operation of these two trains, losses which indicate that such daily service is not substantially used or needed by the public, and substitute in lieu thereof trains alternately in each direction, with train number 122 departing Manchester, Georgia, on Mondays, Wednesdays, and Fridays; and train number 123 departing Birmingham, Alabama, on Tuesdays, Thursdays, and Saturdays; with no Sunday service. This petition, as in the two previous cases before this court, was, after an unwarranted delay, heard by a subordinate employee of the Commission and then, after further undue delay, denied by the Commission.

4. An application to the Georgia Public Service Commission, by plaintiff, for authority to discontinue daily operation of trains 122 and 123 between Manchester, Georgia, and the Alabama-Georgia State Line, and in lieu thereof to operate the trains alternately in each direction as above set forth, was granted by the Georgia Public Service Commission on November 15, 1949, subject to the plaintiff obtaining authority from the Alabama Public Service Commission to make similar changes on these trains over that portion of its line located between the Alabama-Georgia State Line and Birmingham, Alabama.

5. There is no evidence before this court, and there was none before the Commission, to substantiate a finding of necessity on the part of the public for the continued daily operation of trains 122 and 123, and in the absence of such public necessity, coupled with the great financial loss which the plaintiff is suffering by reason of the continued daily operation of these trains, the order of the Commission denying plaintiff's application for authority to discontinue the daily operation of these trains and substitute in lieu thereof these alternate operations, which order, in effect, is a command by the State that plaintiff continue to furnish the train services involved or suffer the consequences of their abandonment, is confiscatory in its effect and the injunctive relief prayed for should be granted.

6. A majority of the communities served by trains 122 and 123 are either on or adjacent to improved highways and are served by bus line and motor express companies, in addition to the large percentage of individually owned automobiles.

7. The deficits occasioned by the operation of Short Line passenger trains such as trains 122 and 123 must be made up, if at all, by rate increases on freight services and is, therefore, a financial burden on freight customers.

8. The proposed alternate operation by plaintiff of trains 122 and 123 will provide reasonable and adequate facilities for the accommodation and convenience of the traveling public and of the communities through which these trains run, and when considered along with the heavy financial loss the plaintiff has sustained for over two years and is sustaining at the present, on account of the daily operation of these trains and the failure of the public to patronize such service to any substantial extent, any requirement on the part of the Commission that the plaintiff continue the daily operation of these trains is a denial of constitutional rights.

## Conclusions of Law and Opinion

This court herein adopts as the conclusions of law and opinion in this case the conclusions of law and opinions in the two previous cases which were recently before this court. Southern Railway Co. v. Ala. Public Service Commission, D.C., 88 F. Supp. 441, and Civil Action 681-N, D.C., 91 F.Supp. 980.

## Judgment

This cause coming on to be heard before a duly constituted three judge district court and having been submitted by agreement of the parties for final decree upon the pleading in the cause and upon the evidence offered herein, including a transcript of the testimony presented at the hearing before the defendant Alabama Public Service Commission, for the reasons set forth

in the findings of fact, conclusions of law and the opinion of the Court filed herein:

It is now ordered, adjudged and decreed this 23 day of August, 1950, as follows, viz.:

(1) That the motion of the defendants to stay the call for a three judge court, the motion to stay the proceedings in this court, and the motion to dismiss the cause of action, be, and they are, hereby overruled and denied.

(2) That the order of the defendant Alabama Public Service Commission, dated April 6, 1950, denying the petition of the plaintiff filed May 4, 1949, and as amended on June 21, 1949, requesting authority to discontinue the daily operation of passenger trains Nos. 122 and 123 between Birmingham, Alabama, and Manchester, Georgia, in so far as they are operated in the State of Alabama, and substitute in lieu thereof trains alternately in each direction, with train number 122 departing Manchester, Georgia, on Mondays, Wednesdays, and Fridays; and train number 123 departing Birmingham, Alabama, on Tuesdays, Thursdays, and Saturdays; with no Sunday service, be, and the same is, hereby vacated and declared to be null, void, and of no effect.

(3) That the defendants, Alabama Public Service Commission, Gordon Persons, its President, Jimmy Hitchcock and C. C. (Jack) Owen, Associate Commissioners; and A. A. Carmichael, Attorney General of the State of Alabama, together with the successors in office of each of them, and their agents, servants and attorneys, be, and they are, hereby permanently enjoined from taking any steps or proceedings of any nature whatsoever against the plaintiff, its officers, agents or employees, to enforce the provisions of said order or to enforce any fines, forfeitures, penalties or other sanctions provided by Title 48, Code of Alabama, 1940, or any remedies against the plaintiff, its officers, agents or employees, on account of the failure to observe the provisions and requirements of said order by discontinuing the daily operation of plaintiff's passenger trains Nos. 122 and 123 between Birmingham, Alabama, and Manchester, Georgia, in so far as they are operated within the State of Alabama, and substitute in lieu thereof trains alternately in each direction, with train number 122 departing Manchester, Georgia, on Mondays, Wednesdays, and Fridays; and train number 123 departing Birmingham, Alabama, on Tuesdays, Thursdays, and Saturdays; with no Sunday service; and,

(4) That the costs of court incurred in this cause be and the same are hereby taxed against the defendants, for which execution may issue.