**LOUISVILLE & N. R. CO. v. ALABAMA PUBLIC SERVICE COMMISSION et al.**

**Civ. No. 698.**

United States District Court, M. D. Alabama, N. D.

Oct. 31, 1950.

W. A. Northcutt, Louisville, Ky., and Steiner, Crum & Baker, Montgomery, Ala., for plaintiff.

A. A. Carmichael, Atty. Gen. of Alabama, and Wallace L. Johnson, Asst. Atty. Gen., for defendants.

Before McCORD, Circuit Judge, and CHARLES B. KENNAMER and MIZE, District Judges.

CHARLES B. KENNAMER, District Judge.

### Statement of the Case

This is the fourth in a series of cases recently before this court involving similar facts and presenting the same points of law. Southern Railway Company, a corporation, v. Alabama Public Service Commission et al., D.C., 88 F.Supp. 441; Southern Railway Company, a corporation, v. Alabama Public Service Commission et al., D.C., 91 F.Supp. 980; Atlantic Coast Line

Railroad Company, a corporation, v. Alabama Public Service Commission et al., D C., 92 F.Supp. 579.

Plaintiff, a citizen of the State of Kentucky, petitions this court for injunctive relief against the defendants from proceeding to enforce sanctions provided under the laws of the State of Alabama for failure or refusal of plaintiff to continue the daily, except Sunday, operation of local passenger trains Numbers 27 and 28 between Georgiana, Alabama, and the Alabama-Florida State Line, in violation of an order of the defendant Commission; and that said order be declared unlawful, null, void and of no effect.

This court, at the outset of the hearing, announced that the motions filed by the defendants: (a) to stay the call for a three judge court, (b) to stay the proceedings in this court, and (c) to dismiss the cause of action, would be overruled and denied without further argument, unless counsel for the defendants desired to cite any later decisions to the court, which counsel stated they were unable to do; therefore, the court continues to adhere to the rulings previously made, and reaffirms the following principles of law.

■ As the bill challenges the validity under the Federal Constitution of an order of an administrative board of the State, acting under a State statute upon which no attack is made as to the validity of the statute itself, and praying for injunctive relief against the enforcement, operation or execution of such order, a District Court, composed of three judges, under Title 28, U.S.C.A. § 2284, has jurisdiction. Herkness v. Irion, 278 U.S. 92, 49 S.Ct. 40, 73 L.Ed. 198; Oklahoma Gas Co. v. Russell, 261 U.S. 290, 43 S.Ct. 353, 67 L.Ed. 659.

■ Plaintiff has exhausted all administrative remedies, and the administrative processes having been terminated, plaintiff has a choice of forums, it could have prosecuted an appeal to the circuit court of Montgomery County, Alabama, Title 48, Section 79, Code of Alabama 1940, or it could have invoked the jurisdiction of this court in a plenary suit. Avery Freight Lines, Inc. v. Persons, 250 Ala. 40, 32 So.2d 886; St. Louis-San Francisco R. R. v. Ala. Pub. Ser. Comm., 279 U.S. 560, 49 S.Ct. 383, 73 L.Ed. 893; Railroad & Warehouse Comm. v. Duluth St. Ry. Co., 273 U.S. 625, 47 S.Ct. 489, 71 L.Ed. 807.

■ Since no suit is pending at this time in any of the courts of the State of Alabama between the parties to, or involving the subject matter of, this litigation, the rules of comity are inapplicable. Southern Railway Co. v. Ala. Pub. Ser. Comm., D.C., 88 F.Supp. 441, Id., D.C., 91 F.Supp. 980.

■ The doctrine of discretionary abstention does not here apply. There is no ambiguous, novel or undecided State law involved herein. The authority of the Commission to issue the order is not questioned. The statute under which it acted is not attacked. The Alabama law requires no definitive construction or authoritative interpretation. Southern Railway Co. v. Ala. Pub. Serv. Comm., D.C., 91 F. Supp. 980.

By stipulation of the parties, the court heard the case on both the application for a temporary and permanent injunction.

Proceeding to the merits of the case, the court took evidence and heard counsel for the respective parties, and now makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiff, a corporation organized and existing under the laws of the State of Kentucky, is engaged as a common carrier by railroad of persons and property in intrastate commerce between points within the State of Alabama on the one hand, and in interstate commerce between points within the State of Alabama and points in other states on the other hand, and as such common carrier is subject to the jurisdiction of the Alabama Public Service Commission and the Interstate Commerce Commission, respectively.

2. The defendant Alabama Public Service Commission, consisting of a President and two Associate Commissioners, is a Commission created under the laws of the

State of Alabama, Title 48, Section 1, Code of Alabama 1940, and authorized under the laws of the State of Alabama to exercise certain regulatory powers over the plaintiff and other common carriers by railroad, Title 48, Section 106, Code of Alabama 1940. The principal office and official domicile of said Commission and each of its Commissioners is located in the City and County of Montgomery, and within the middle district of Alabama. The defendant A. A. Carmichael is Attorney General of the State of Alabama, with his official office in, and residing in, the City and County of Montgomery, and is by the statutes and laws of the State of Alabama charged with the supervision and control of legal proceedings in behalf of the State of Alabama, and is attorney for the Alabama Public Service Commission, Title 48, Sections 50, 51, Code of Alabama 1940.

3. This is a suit of a civil nature between citizens of different states, and exceeds, exclusive of interest and costs, the sum of three thousand dollars, and arises under the 14th Amendment to the Constitution of the United States.

4. The plaintiff, as required by Alabama Law, Title 48, Sections 35 and 106, Code of Alabama 1940, petitioned the defendant Commission for authority to discontinue the daily operation of passenger trains numbers 27 and 28 between Georgiana, Alabama, and the Alabama-Florida State Line, due to the continued heavy financial loss occasioned by the daily operation of these two trains, losses which indicate that such daily service is not substantially used or needed by the public.

5. Plaintiff's petition to discontinue the operation of trains 27 and 28 was filed with the Alabama Public Service Commission on November 6, 1947. This petition, as in the previous cases before this court, was, after an unwarranted, unreasonable and unexplained delay, heard by the Commission at a final hearing begun on January 11, 1950, and disposed of by the Commission denying the petition in an order dated July 28, 1950.

6. Plaintiff seeks a temporary and permanent injunction against the defendants, separately and severally, from proceeding to enforce sanctions provided under the laws of the State of Alabama for the failure or refusal of plaintiff to continue the operation of local passenger trains Nos. 27 and 28, within the State of Alabama, in violation of order No. 11641, entered by the Commission July 28, 1950, and that said order be declared unlawful, null, void and of no effect.

7. In lieu of the present service by train, plaintiff proposes, if proper authority can be secured from the defendant commission, to substitute bus service between Georgiana, Alabama, and Graceville, Florida, over paved highway which runs practically parallel to the railroad tracks of the plaintiff between Georgiana, Alabama, and the Alabama-Florida State Line. Plaintiff proposes such service either by arrangement with existing certified motor carriers of passengers, namely Capital Motor Lines and Alaga Coach Lines or, if necessary and proper authority can be secured under the Alabama Motor Carrier Act of 1939, Code 1940, Tit. 48, § 301(1) et seq., to operate such bus service itself.

8. Plaintiff is not a common carrier of the United States Mail. The collection and delivery of all mail is the function of the United States Government, exclusively.

9. Plaintiff's trains Nos. 27 and 28 operate daily, except Sunday, between Georgiana, Alabama, and Graceville, Florida, carrying passengers, mail, and express; train No. 27 leaves Georgiana at 7:15 A.M., scheduled to arrive at Graceville at 10:40 A.M., and train No. 28 leaves Graceville at 11:05 A.M., and is scheduled to arrive at Georgiana at 2:35 P.M.

10. The approximate distance between Georgiana, Alabama, and Graceville, Florida is 86 miles. Train #27, leaving Georgiana, makes scheduled and flag stops at the following towns in Alabama: ·Rhodes, McKenzie, Shreve, Brooks, South, Red Level, River Falls, Cawthon, Andalusia, Sanford, Babbie, Poley, Opp, Estothel, Kinston, Lowery, Pera, Samson, Marl, Lytle, Geneva, Thurston, Black, and Highnote. Train #28 makes the same trip in reverse.

11. The counties through which trains 27 and 28 operate are predominantly rural and agricultural, and the Federal Census of

1950 shows a decrease in population in these counties since the Census of 1940.

12. The route of Capital Motor Lines parallels the track of the plaintiff served by trains 27 and 28 from McKenzie, Alabama, to Opp, Alabama, a distance of some 38 miles. At both Opp, Alabama, and Andalusia, Alabama, Capital Motor Lines connects with Alaga Coach Lines, and Alaga Coach Lines then parallels the plaintiff's track on into Geneva, Alabama, and the Alaga Coach Lines runs on into Dothan, Alabama, where it connects with other bus lines operating into Graceville, Florida.

13. Capital Motor Lines does not at present have a certificate to operate from McKenzie to Georgiana, Alabama, and return, but they stand ready and willing, if trains 27 and 28 are discontinued, and authority is granted them by the defendant Commission, to operate such bus service. A complete and adequate bus service between Georgiana, Alabama and Graceville, Florida, on highway which parallels the tracks over which trains 27 and 28 operate, is now proposed by the Capital Motor Lines.

14. Plaintiff is now, and has for several years, operated trains 27 and 28 at a heavy financial loss. This operating deficit now amounts to around $188.00 per day.

15. Passenger travel on trains 27 and 28 is now, and has been for several years, at a very low ebb, there being times when the train crew exceeds the number of passengers on the train.

16. There is no evidence before this court, and there was none before the defendant Commission, to substantiate a finding of necessity on the part of the public for the continued daily operation of trains 27 and 28, and in the absence of such public necessity, coupled with the great financial loss which the plaintiff is suffering by reason of the continued operation of these trains, the order of the Commission denying plaintiff's application for authority to discontinue the operation of these trains is confiscatory in its effect and the injunctive relief prayed for should be granted.

17. The passenger transportation revolution, resulting from the construction of fine highways, which the railroads are taxed to help build and maintain, coupled with the convenience of the private automobile and buses, has outmoded local passenger trains Nos. 27 and 28, and caused them to become an undesirable and unused form of transportation.

18. Although negative in form, the order of the defendant Commission in denying plaintiff's petition for authority to discontinue the operation of trains 27 and 28 amounts to a command by the State that plaintiff continue to furnish the train services involved or suffer the consequences of their abandonment. Plaintiff, in complying with the commission's order, continues to operate these trains at a serious and growing financial loss, and coupled with the absence of any necessity on the part of the public for the continued operation of these trains, the Commission's order is affirmative in nature and is having the practical effect of confiscating plaintiff's property in violation of the 14th Amendment of the United States Constitution.

## Conclusions of Law

1. Plaintiff's suit arises under the 14th Amendment to the United States Constitution and the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

2. This court has jurisdiction of the parties and of the subject matter, and the parties are properly before the court.

3. The questions for decision present no unresolved question of State law.

4. Plaintiff is required by Alabama law to obtain a permit from the Alabama Public Service Commission before discontinuing regularly scheduled passenger trains.

5. Plaintiff is under no obligation to continue to offer a service which the public will not use, where the offer is a great financial burden, and where it is unreasonable to demand its continuance.

6. The controlling criteria in determining whether local passenger trains may be discontinued are these: the character and population of the territory served, the public patronage, or lack of it, the facilities remaining, the expense of operation

as compared with revenue from same, and the operations of the carrier as a whole.

7. Plaintiff will suffer irreparable damage unless this court permanently enjoins defendants and their successors in office from seeking to impose the sanctions provided by Title 48, Code of Alabama, 1940, upon discontinuance by plaintiff of operation of its passenger trains Nos. 27 and 28 between Georgiana, Alabama and the Alabama-Florida State Line, in opposition to the order of the defendant Commission, Docket No. 11641, dated July 28, 1950.

8. Plaintiff has no adequate remedy at law.

9. The defendant's order No. 11641, dated July 28, 1950, denying plaintiff permission to discontinue trains 27 and 28, is unjust, unreasonable and confiscatory and deprives plaintiff of its property without just compensation in violation of the 14th Amendment to the Constitution of the United States since there is no longer any public necessity for this service and plaintiff is operating at a large financial loss.

10. Plaintiff owes no common carrier obligations either to the United States or the General Public to transport the United States Mail.

11. An order by the defendant Commission which requires the Plaintiff to operate local passenger trains Nos. 27 and 28 under circumstances as herein set forth, confiscates Plaintiff's property in violation of the 14th Amendment to the United States Constitution even though Plaintiff, in the overall operation of its Railway system, operates at a financial profit.

12. Plaintiff is entitled to the relief sought in the bill of complaint.

### Opinion

When viewed in all the attendant circumstances and facts, this court is of the opinion that the defendant Commission did not act upon the evidence presented by the plaintiff in support of the petition to discontinue trains 27 and 28, but has adopted an arbitrary ruling that all such local passenger trains, irrespective of the financial loss and absence of public necessity for their continued operation, will be required to continue to operate.

However, irrespective of the attitude of the Commission or its method of operation, this court is not concerned as to the mere correctness of the method and reasoning adopted by the regulating agency, but whether the order of the Commission will result in confiscation, and that is what this court so finds.