## LOUISVILLE & N. R. CO. v. ALABAMA PUBLIC SERVICE COMMISSION et al.

### Civ. A. No. 711.

United States District Court
M. D. Alabama, N. D.
Jan. 19, 1951.

W. A. Northcutt, Louisville, Ky., and Steiner, Crum & Baker, Montgomery, Ala., for plaintiff.

A. A. Carmichael, Atty. Gen. of Alabama, and M. Ronald Nachman, Jr., and Wallace Johnson, Asst. Attys. Gen., for defendants.

Before McCORD, Circuit Judge, and KENNAMER and LYNNE, District Judges.

PER CURIAM.

This court having considered and understood the motions filed by the defendants: (a) to stay the call for a three judge court, (b) to stay the proceedings in this court, and (c) to dismiss the cause of action, is of the opinion that said motions should be overruled and denied.

Southern R. Co. v. Alabama Public Service Comm., D. C., 88 F.Supp. 441; Southern R. Co. v. Alabama Public Service Comm., D. C., 91 F.Supp. 980; Atlantic Coast Line R. Co. v. Alabama Public Service Comm., D. C., 92 F.Supp. 579; Louisville & N. R. Co. v. Alabama Public Service Comm., D. C., 93 F.Supp. 544.

The plaintiff, the defendants, the law, and the material facts in this action are the same as in Louisville & N. R. Co., v. Alabama Public Service Comm., D. C., 93 F. Supp. 544.

### Findings of Fact

1. Plaintiff, operating train 46-85 between Birmingham, Alabama, and Calera, Alabama, via Oneonta, Gadsden, Anniston, Talladega, Sylacauga, and other intermediate points in Alabama; and train 47-86 over the same route in reverse, petitioned the defendant Public Service Commission for authority to discontinue the operation of such trains due to the heavy financial loss occasioned by the operation of these trains, losses which indicate that such service is not substantially used or needed by the public.

2. Plaintiff's petition was denied by the defendant Public Service Commission and the plaintiff is here seeking injunctive relief.

3. Plaintiff is now, and has been for several years, operating these trains at a heavy financial deficit, the deficit running as high as $10,000 per month over the period July 1, 1948 to September 30, 1949.

4. The public use of these trains has been small, and between many points the service has been practically abandoned by the public.

5. The territory served by these trains is also served by other and better trains, or buses, or is on or near improved highways.

6. The order of the defendant Commission is affirmative in nature and is having the practical effect of confiscating plain-

tiff's property in violation of the 14th Amendment of the United States Constitution.

## Conclusions of Law

The court adopts herein the Conclusions of law as stated in Southern R. Co. v. Alabama Public Service Comm., D. C., 88 F. Supp. 441, and 91 F.Supp. 980; Atlantic Coast Line R. Co. v. Alabama Public Service Comm., D. C., 92 F.Supp. 579; and, Louisville & N. R. Co., v. Alabama Public Service Comm., D. C., 93 F.Supp. 544.

## Opinion

 The evidence before this court shows so clearly that the traveling public has, to such a great extent, abandoned the use of the two local passenger trains as to leave no proper grounds for requiring the plaintiff to continue the operation of these trains at the heavy financial loss the evidence discloses.

When it is clearly shown that the public has discontinued the use of the public utility, and the continued operation is so burdensome, the doctrine of public convenience and necessity does not apply.