## ALABAMA PUBLIC SERVICE COMMISSION et al. v. SOUTHERN RAILWAY CO.

No. 146.   Argued February 27–28, 1951.—Decided May 21, 1951.

By special leave of Court, *Merton Roland Nachman, Jr.,* Assistant Attorney General of Alabama, *pro hac vice,* and *Richard T. Rives* argued the cause for appellants. With them on the brief was *Si Garrett,* Attorney General. *A. A. Carmichael,* then Attorney General, and *Wallace L. Johnson,* then Assistant Attorney General, were also on a brief with *Mr. Rives.*

*Charles Clark* argued the cause for appellee. With him on the brief were *Marion Rushton, Earl E. Eisenhart, Jr., Sidney S. Alderman* and *Jos. F. Johnston.*

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

This case was argued with No. 395, decided this day, *ante,* p. 341, and brings the same parties before the Court.

This proceeding arises out of appellee's efforts to discontinue operation of passenger trains Nos. 11 and 16 operated daily between Birmingham, Alabama, and Columbus, Mississippi, a distance of approximately 120 miles

mainly within Alabama. Alleging that the trains are little used and produce revenues far below their direct operating expenses, appellee applied to the Alabama Public Service Commission on September 13, 1948, for the permission to discontinue required by Alabama law.

Over a year later, and before any action on the application had been taken by the Alabama Commission, the Interstate Commerce Commission ordered a reduction in the interstate and intrastate operation of coal-burning passenger locomotives to prevent undue depletion of coal reserves during a national coal strike. In response to the I. C. C. order, appellee discontinued service on a number of its trains, including trains Nos. 11 and 16. When the I. C. C. order was rescinded, other trains were restored to operation but appellee refused to restore the financially costly operation of trains Nos. 11 and 16, at least until the Alabama Commission granted a hearing upon its application for permanent discontinuance. An impasse developed and the Alabama Commission entered an order in which it refused to hear evidence proffered by appellee, threatened to delay any hearing on the application until appellee restored the trains, found appellee in contempt of the Commission and called appellee's attention to a provision of the Alabama Code providing penalties for the violation of an order of the Commission. On December 6, 1949, the day after entry of this order, appellee filed its complaint in the District Court alleging that requiring continued operation of trains 11 and 16 would confiscate its property in violation of the Due Process Clause of the Fourteenth Amendment. It prayed for an injunction restraining appellants from enforcing those laws of Alabama, including penalty provisions, which prevented appellee from discontinuing those trains. A temporary restraining order was issued.

In the court below and in this Court, appellants have argued that a federal court should not interfere with a

state's imposition of penalties to punish defiant disregard of its regulatory laws. *Beal* v. *Missouri Pacific R. Corp.,* 312 U. S. 45, 51 (1941); *Wadley Southern R. Co.* v. *Georgia,* 235 U. S. 651, 662 (1915). Compare *Western & Atlantic R. Co.* v. *Georgia Public Service Commission,* 267 U. S. 493, 496 (1925). Appellee, on the other hand, emphasizes the Commission's delay in passing upon its application to discontinue the financially burdensome service as being so long-continued and unreasonable as to permit the intervention of a federal court before a decision by the Commission. *Smith* v. *Illinois Bell Telephone Co.,* 270 U. S. 587 (1926).

Though these arguments were relevant when the temporary restraining order was issued, we are called upon to review only the final decree, cf. *Shaffer* v. *Carter,* 252 U. S. 37, 44 (1920), and do not find it necessary to pass upon such contentions in view of the additional developments occurring prior to the entry of the final judgment below. The Commission did hold a hearing on December 8, 1949, in Fayette, Alabama, one of the communities affected by the discontinuance of service, and, on January 9, 1950, entered an order denying permission to discontinue operation of trains Nos. 11 and 16 on the grounds that a public need exists for the service and that appellee had not made a sufficient effort to reduce losses through adoption of more economical operating methods. The pleadings in the court below were amended in light of the Commission's order of January 9, 1950, and the final judgment entered by the three-judge District Court was based upon a finding that enforcement of that order would be contrary to the Fourteenth Amendment. 88 F. Supp. 441 (1950).

Appellee challenges the validity of an order of the Alabama Public Service Commission, but did not invoke the adequate state remedy provided for review of such orders.

Therefore, as this case comes to us, it is governed by our decision in No. 395, decided this day, *ante,* p. 341. Accordingly, the judgment of the District Court is

*Reversed.*

MR. JUSTICE FRANKFURTER and MR. JUSTICE JACKSON concur in the result for the reasons set forth in their opinion in No. 395, *Alabama Public Service Comm'n* v. *Southern R. Co., ante,* p. 351.