LEAR, Judge.
This is a divorce and custody suit brought by the husband and father.
The record indicates that for some period of time prior to December 7, 1965, plaintiff and defendant had been having marital difficulties. Although the date is in dispute, the trial court found, and we agree, that on December 7, 1965, Mrs. Thompson left Louisiana to visit her sister, Mrs. Robbie Fisher, in Dayton, Ohio, taking the three minor children with her. She then obtained employment at a cocktail lounge in Dayton, Ohio, and rented an apartment, apparently with the intention of remaining there. Mr. Thompson then went to Dayton and after some argument with his wife, brought the children to Louisiana. He thereafter filed suit for separation from bed and board on the grounds of abandonment, and asked for the permanent care, custody and control of the three minor children.
A curator ad hoc was appointed to represent Mrs. Thompson. Upon being advised that she had moved to an unknown address, the curator sent a letter and copies of the proceedings by registered mail to defendant’s sister, Mrs. Fisher. A return receipt dated March 12, 1966, was signed by Mrs. Fisher.
Thereafter, on April 7, 1966, plaintiff was awarded a separation from bed and board from his wife and was granted the permanent care, custody and control of the three minor children.
On October 20, 1966, Mrs. Thompson filed for a final divorce in Ohio, which divorce was granted in December, 1966. This decree also refers to the custody judgment which had been rendered in Louisiana.
*185 Filed in evidence is a stipulation between counsel to the effect that under the laws of Ohio, there is a one-year residence requirement prior to filing a divorce petition. Plaintiff attacks the Ohio divorce on the grounds that the residence requirement was not fulfilled, and consequently the Ohio court was without jurisdiction.
The trial court found that defendant was living in Tullos, Louisiana, until December 7, 1966. He based this finding on the testimony of plaintiff and Mr. Norman Thompson, who had arranged for Mrs. Thompson’s journey to Ohio. This testimony was corroborated by three cancelled checks written by the defendant in Louisiana, dated in late November, 1965, together with a letter written to the plaintiff by defendant, dated and postmarked Tullos, Louisiana, November 30, 1965.
The trial court thus found that the Ohio court was without jurisdiction, inasmuch as Mrs. Thompson had not lived in Ohio for one year prior to filing her petition, and that therefore Louisiana would not give full faith and credit to this judgment. With this finding we concur.
The remaining issue concerns custody of the three children. The record shows that the father and children reside with his parents, and it is conceded by counsel for defendant, in brief, that the care and environment is good. Defendant argues, however, that since defendant was represented by a curator ad hoc and had no actual knowledge of the original custody proceedings, there has been no contradictory hearing and therefore the so-called “double burden” of proof should not apply.[1]
What the defendant says in essence is that the preference usually given to a mother, above all others, in child custody cases should not be denied where the mother has no opportunity to contest the original judgment.
Defendant testified that she received the notice from her sister, Mrs. Fisher, some two weeks after the hearing, although the return receipt was dated almost, a month prior to the judgment. We might give more credence to this testimony had she immediately taken some steps to regain custody. It would appear that by waiting from February, 1966, when her husband took the children, until August, 1967, when she filed for custody in Louisiana, that she at least tacitly acquiesced in the judgment granting custody to the father.
A judgment awarding custody is never irrevocable and is subject to modification, alteration, change or reversal whenever it appears to be in the best interest of the children.
The trial judge found, as a matter of fact, that the children were well adjusted in the home where they now reside, and that their general health had improved since they have been in the custody of their father. The trial judge had an opportunity to observe these children and the witnesses, and we do not feel that he has abused his discretion in permitting the father to retain custody of these children. Therefore, we will not disturb the findings of the trial court.
Affirmed.

. Applicant requesting change or modification of custody judgment must prove that the environment in which the children are living is detrimental to their welfare and that applicant is able to provide a more suitable environment. See Poitevent v. Poitevent, La.App., 152 So.2d 256, writ refused 244 La. 672, 153 So.2d 884.