35 So.2d 207

### LAWRENCE v. SAWYER.

4 Div. 473.

Supreme Court of Alabama.

March 25, 1948.

Rehearing Denied May 13, 1948.

Smith & Smith, of Phenix City, for appellant.

J. W. Brassell, of Phenix City, for appellee.

LIVINGSTON, Justice.

Habeas corpus proceeding instituted in the Circuit Court, in Equity, of Russell County, Alabama, for Rufus G. Sawyer against Annie Lawrence and Prayther Lawrence for the custody of the two minor children of Rufus G. Sawyer. Annie Lawrence and Prayther Lawrence are the maternal grandmother and stepgrandfather of the minors.

In answer to the petition or bill, respondents interposed a plea in abatement to the jurisdiction of the circuit court. Demurrer to the plea was sustained by the lower court. Respondent then interposed a demurrer to the petition, which was overruled, and they appealed. The sufficiency of the plea in abatement is the only question argued on this appeal.

In substance, the plea alleges that on January 30, 1947, Rufus G. Sawyer, the petitioner in this cause, filed his petition in the Probate Court of Russell County against Annie Lawrence, one of the respondents, seeking the custody of the same minors; that upon a hearing of the matter, the probate court entered a decree granting the custody of said minors to Annie Lawrence, and denying to petitioner their custody; that petitioner appealed from the decree of the probate court to the Court of Appeals, and that said Court of Appeals affirmed the decree of the probate court; that this Court denied the writ of certiorari to the Court of Appeals to review its judgment. Sawyer v. Lawrence, Ala.App., 31 So.2d 142, certiorari denied 249 Ala. 341, 31 So.2d 144.

The argument is that the Probate Court of Russell County having jurisdiction in habeas corpus proceedings to determine the custody of minors, and having acquired jurisdiction of the particular minors, the circuit court, in equity, is thereafter precluded from assuming jurisdiction to determine their custody.

■■ Habeas corpus is a method of procedure which has been approved by this Court in cases of the kind now before us. Thomas v. Thomas, 212 Ala. 85, 101 So.

738; Wolfe v. Wolfe, Ala.Sup., 34 So.2d 8.[1] Nicety of pleading in petitions of this kind is not required. Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Brown v. Jenks, 247 Ala. 596, 25 So.2d 439; Wolfe v. Wolfe, supra; Cleckley v. Cleckley, ante, p. 78, 33 So.2d 338; Hardy v. Hardy, ante, p. 297, 34 So.2d 212.

■ The petition for the writ of habeas corpus in the instant case is sufficient to invoke the jurisdiction of the circuit court, in equity.

In Sparks v. Sparks, 249 Ala. 352, 31 So. 2d 313, it was said: "The former decree is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or unless pertinent facts existing at the time of the final decree are brought to light." Decker v. Decker, 176 Ala. 299, 58 So. 195; White v. White, 247 Ala. 405, 24 So.2d 763; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Greene v. Greene, 249 Ala. 155, 30 So.2d 444; Hardy. v. Hardy, supra.

■■ Further, it has long been the settled rule in this jurisdiction that a minor is regarded as the ward of a court of chancery, and that court will not permit his well being to be jeopardized by any judgment in a previous contest concerning his custody and care. The court may by its decree change its custody, as the interest and care of the infant may in the judgment of the court require. The character and purpose of such proceedings are different from an action where only the right of the parties litigating are involved. Murphree v. Hanson et al., 197 Ala. 246, 72 So. 437.

■ In support of the petition in the instant proceedings, petitioner may show, if such be the facts, changed conditions which justify a change in custody. Presently existing conditions were not adjudicated in the former proceeding in the probate court. The probate court only exercised its jurisdiction as to the then existing conditions. As to those conditions its judgment is conclusive. But if conditions have changed since the probate decree, such decree is not an answer to a petition in the chancery court based on changed conditions.

We have treated the real question argued upon the merits, as disclosed by the brief of counsel. But we leave to one side, and unsettled, the question as to whether or not the matter was properly presented either in the court below or in this Court. We merely considered a response to argument was here proper.

The demurrer was properly sustained to the plea in abatement.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.