131 So.2d 867

Elsie Mae B. **STALLWORTH**

v.

Nicholas B. **STALLWORTH.**

I Div. 941.

Supreme Court of Alabama,

June 29, 1961.

Scott & Porter, Chatom, for appellant.

Grady W. Hurst, Jr., Chatom, for appellee.

STAKELY, Justice.

This case involves a suit for divorce and for the custody of minor children of the parties.

Appellant Elsie B. Stallworth, respondent in the Circuit Court, is a native of Louisiana. Appellant and appellee, Nicholas B. Stallworth, complainant in the Circuit Court and a resident of Washington County, Alabama, were married in Louisiana in 1943, while appellee was in military service. During the war the parties lived in Louisiana and at various military posts about the United States. Upon his discharge from the service they returned to Louisiana, where appellee was a student at Louisiana State University. In 1948, upon appellee's graduation from that University, the couple moved to appellee's home in Vinegar Bend, Washington County, where they resided until June 1959, when appellant left and went to the home of her parents in Baton Rouge, Louisiana, where the two minor children of the marriage, Nicholas Richard Stallworth, then age fourteen, and Darryl Clarke Stallworth, then age eight, were already visiting.

The facts of the cause of the separation of the parties were in dispute in the lower court. No good purpose can be served by setting out this evidence, since, as we shall undertake to show, consideration of this evidence is not necessary to a determination of this cause.

On July 6, 1959, ten days after leaving her husband, appellant filed in the Family Court of the Parish of East Baton Rouge, Louisiana, a petition seeking a separation "a mense et thoro", provisional and temporary custody of the children and permanent custody after hearing. On July 15, the Louisiana Court issued a decree giving appellant temporary custody of the children and appointed a Baton Rouge attorney as "curator ad hoc" to represent the appellee in those proceedings, substituted service being made upon the "curator ad hoc", in accordance with the Louisiana procedure, and notice of the proceedings being given to

appellee by registered mail. Subsequently the appellee appeared by attorney in the Louisiana court and filed a pleading known as an "Exception to Citation", contesting the form of service. This "Exception" was overruled and appellee made no further appearance or contest in the Louisiana court.

On September 29, 1959, the Louisiana Court entered a final decree awarding to the appellant a divorce "a mense et thoro" and the custody of the children.

Meanwhile, on July 31, 1959, appellee had filed his bill in the Circuit Court of Washington County, in Equity, alleging the residence of the complainant (appellee) and the matrimonial domicile of the parties to be Washington County, alleging abandonment by the wife (appellant), and asking, in addition to general relief, an award of custody of the children and an injunction to restrain appellant from further proceedings in foreign jurisdictions, and, by later amendment, asking a divorce. The court entered on July 31, 1959, a temporary order awarding the custody of the children to appellee and issuing the injunction prayed for. Service was had upon appellant by newspaper publication for four successive weeks beginning in September 1959.

On October 29, 1959, appellant made a special appearance in the Circuit Court of Washington County, in Equity, for the purpose of filing what is called a plea in abatement, alleging that she was a bona fide resident of the State of Louisiana and setting forth the proceedings in the Louisiana Court. Following a hearing the court overruled the plea and, at a later time, overruled the plea as it was refiled to the bill as amended. Appellant declined to appear or plead further and a decree pro confesso was entered against her. Finally, on September 10, 1960, the court entered a final decree granting the appellee a divorce on the ground of voluntary abandonment by appellant and awarding to the appellee the custody of the two children. From this decree appellant appeals.

As we have indicated, appellee in his original bill filed in the lower court sought relief and by amendment specifically sought a divorce on grounds of abandonment. The bill, filed July 31, 1959, alleges that "the respondent * * * abandoned the complainant without just cause or legal excuse on June 26, 1959 * * *." Title 34, § 20, Code of 1940, as amended, provides in its material part that, "The circuit court in equity has power to divorce persons from the bonds of matrimony, upon bill filed by the aggrieved party, for the causes following: * * * 3. For voluntary abandonment from bed and board *for one year next preceding the filing of the bill.*" (Emphasis added.) It is clear that according to the allegations of appellee's original bill itself the alleged abandonment by the appellant was, at the time the bill was filed, a little over a month in duration, and certainly did not meet the statutory requirement of one year. On June 29, 1960 appellee amended his bill to add thereto: "That the respondent, Elsie May B. Stallworth, voluntarily abandoned the bed and board of complainant *for more than one year next preceding the filing of this amendment to the bill of complaint,* since which time complainant and respondent have not lived together nor in any way recognized each other as husband and wife."

By its own terms the amendment to the bill, and consequently the bill as amended, states that the abandonment was for one year "next preceding the filing of this amendment," a point in time nearly eleven months after the filing of the original bill. The requirement of the statute, Title 34, § 20, is that the voluntary abandonment before one year *"next preceding the filing of the bill."* Accordingly a year's abandonment most of which was subsequent to the filing of the bill is not a year's abandonment preceding the filing of the bill. We think that this conclusion is apparent from the wording of the statute, and further, that it is consistent with our view that the abandonment must be "the year nearest to the time of the filing of the bill." Cox v. Cox,

268 Ala. 572, 109 So.2d 703, 705; Winning v. Winning, 262 Ala. 258, 78 So.2d 303.

■ As we have pointed out, appellant made no general appearance in the circuit court and hence there was in that court no challenge to the merits or sufficiency of the bill or the bill as amended, though that challenge has been made on appeal. This court in Tillery v. Tillery, 217 Ala. 142, 115 So. 27, has said, however, that

"The statutes conferring jurisdiction on courts of equity to divorce persons from the bonds of matrimony limit the jurisdiction by prescribing the causes or grounds upon which divorces may be granted, prescribing the procedure and requiring that *'the cause for which the decree is sought must be alleged in the bill'* * * * [Code 1940, Title 34, §§ 20–27.] This jurisdiction does not exist independent of the statute, and hence courts of equity, in exercising jurisdiction to grant a divorce a vinculo, are courts of statutory and limited jurisdiction, and it is essential to the validity of the proceedings that the jurisdictional facts affirmatively appear from the record. * * * One of the jurisdictional facts essential to the validity of the proceedings is that a statutory cause or ground for divorce must be alleged in the bill, and failing in this the proceedings are coraum non judice and therefore wholly void."

See also Ex parte Mercer, 255 Ala. 3, 49 So.2d 670; Anthony v. Anthony, 221 Ala. 221, 128 So. 440.

In Edelman v. Poe, 267 Ala. 387, 103 So.2d 333, 334, this court said: "The rule is that when a bill is filed which is not sufficient to invoke the jurisdiction of the court an amendment will not confer jurisdiction by alleging facts which occur after the original bill was filed, which facts would have been sufficient had they existed when the bill was filed." See also Harper v. Raisin Fertilizer Co., 158 Ala. 329, 48 So. 589; Equity Rule 28(2).

The decree of divorce entered in the Circuit Court of Washington County, in Equity, is based on abandonment and in accordance with the foregoing authorities is void for want of jurisdiction and thus insufficient to support the appeal. Tillery v. Tillery, supra.

■ While we have condemned the portion of the court's decree which awarded the divorce, this does not necessarily require us to invalidate the entire decree. Avery Freight Lines Inc. v. Persons et al., 250 Ala. 40, 32 So.2d 886. It is true that the court appears to have proceeded under the authority of § 35, Title 34, Code of 1940, to make an award of the custody of the children to the complainant. But this court has said that regardless of the statute, "whenever the welfare of the children is concerned and the jurisdiction of the court is invoked, the court has an inherent power to enter a decree for their custody and support." Butler v. Butler, 254 Ala. 375, 377, 48 So.2d 318, 319. In the instant case the jurisdiction of the court with reference to the children was sought to be invoked by the following allegations in the bill of complaint:

"That the respondent is not a fit, and suitable or proper person to be entrusted with the care, custody and control of the said children.

"That it is in the best interest and welfare of the children that their custody pendente lite is awarded to the complainant on the presentation of this bill of complaint and that their permanent custody be awarded to complainant upon the final hearing in this cause."

As we have pointed out, prior to the time the present bill was filed in the Circuit Court of Washington County, in Equity, a suit was filed by Elsie Mae B. Stallworth (appellant here) against Nicholas B. Stallworth (appellee here) in the family court of the Parish of East Baton Rouge, Louisiana, seeking a separation "a mensa et thoro," provisional and temporary custody

of the children and permanent custody after hearing. As we have also pointed out, on July 15, 1959, the Louisiana Court entered a decree giving to the appellant here temporary custody of the children and appointing a Baton Rouge Attorney as "curator ad hoc" to represent Nicholas B. Stallworth in those proceedings. Substituted service being made on the "curator ad hoc" and notice of the proceedings being given to the appellee here by registered mail, subsequently Nicholas B. Stallworth (appellee here) appeared by attorney in the Louisiana Court and filed a plea known under the Louisiana Practice as "an exception to citation," contesting the form of service. This "exception" was overruled and Nicholas B. Stallworth made no further appearance or contest in the Louisiana Court. On September 29, 1959, the Louisiana Court entered a final decree, awarding to Elsie Mae B. Stallworth a divorce a mensa et thoro and the custody of the children.

It will be observed that Nicholas B. Stallworth entered a special appearance in the court in Louisiana in order to question the jurisdiction of the Louisiana Court and was overruled by that court. The question of jurisdiction of the Louisiana Court was, therefore, settled prior to the time that the decree in Washington County was entered. In this connection it will be remembered that the suit in the Louisiana Court was filed prior to the time the suit in Washington County was filed.

In the case of Ex parte Aufill, 268 Ala. 43, 104 So.2d 897, 902, this court said, "At this point we divert long enough to say that it makes no difference that Capt. Aufill entered a special appearance in the California Court and not a general appearance. So far as the question of jurisdiction is concerned, he was personally before the California Court."

In the case of Forbes v. Davis, 187 Ala. 71, 65 So. 516, this court held that if a judgment of a sister state was properly authenticated and produced on the trial of the case in Alabama and there was a want of juris-

diction to render the judgment that does not appear upon the face of the properly certified transcript, then it must be presumed prima facie that the court rendering it had jurisdiction to do so. In the case here referred to this court further held that if the court rendering the judgment in another state did so in an illegal and improper manner and had no jurisdiction to do so, the burden was on the defendant to assert that fact and produce evidence to overcome the presumption.

The proceedings in the Louisiana Court, including the decree properly authenticated, were introduced in evidence in the Washington County Court. Since the decree of the Louisiana Court appears on its face to be a valid and binding decree and nothing appearing that the Louisiana Court did not have jurisdiction, then full faith and credit must be given to the decree of the Louisiana Court.

In Ex parte Burch, 236 Ala. 662, 184 So. 694, this court held that where two or more courts have concurring jurisdiction, the one who first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction to the final determination of the action and the enforcement of its judgments or decrees. In this connection see also Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399; Burns v. Shapley, 16 Ala.App. 297, 77 So. 447.

A mother armed with a duly authenticated decree of a court of competent jurisdiction awarding custody of children to her as the agent and trustee of the state is entitled to the custody of such children. State v. Black, 239 Ala. 644, 196 So. 713. The children were present in Louisiana with their mother. Moss v. Ingram, 246 Ala. 214, 20 So.2d 202.

We think it necessarily follows from the foregoing that since the jurisdiction of the Louisiana Court was invoked prior to the time the suit in Washington County was filed, that its decree with reference to

the children supersedes the decree of the court in Washington County and that the Circuit Court of Washington County, in Equity, was in error in awarding the custody of the children to Nicholas B. Stallworth. It results that the decree of the Circuit Court of Washington County, in Equity, with reference to the children should be and is reversed.

Appeal dismissed in part and decree reversed and remanded in part with directions to the lower court to dismiss the bill.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.