159 So.2d 194

**Louis J. HAJOVSKY**

**v.**

**Ruby C. HAJOVSKY.**

**6 Div. 666.**

Supreme Court of Alabama.

Dec. 20, 1963.

Martin, Vogtle, Balch & Bingham and Robt. C. Collins, Birmingham, and Elbert R. Jandt, Sequin, Tex., for appellant.

78

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

GOODWYN, Justice.

Appeal from decree of the circuit court of Jefferson County, in equity, awarding custody of two minor children to the mother (appellee).

On January 21, 1957, appellant, the father of the children, filed a petition in the Juvenile and Domestic Relations Court of Jefferson County (Code 1940, Tit. 62, § 310 et seq.) seeking their custody. The petition alleged that petitioner, by decree of the District Court of Hayes County, Texas, 22nd Judicial District, rendered on January 14, 1957, was awarded custody. The petition was denied, the appellee being awarded custody. Petitioner (appellant) then appealed to the circuit court of Jefferson County, in equity, for a trial de novo, pursuant to Code 1940, Tit. 62, §§ 307, 317. The circuit court, after an oral hearing of the evidence, rendered the decree appealed from.

Appellee obtained a divorce from appellant in the Texas court on February 7, 1955. The decree also awarded her custody of the children. On April 19, 1955, appellant filed a petition in the Texas court seeking a modification of the February 7th decree so as to give him custody. The record shows service of the petition on appellee on April 19, 1955. According to appellee's testimony, she was verbally instructed by the judge of the Texas court not to take the children out of San Marcos, Texas, where the parties had been living. Apparently, there was no formal court order to that effect. In December, 1956, before a hearing on the modification petition, appellee left Texas with the children and moved to Birmingham. The Texas court, on January 14, 1957, after a hearing on the petition, modified the original decree by awarding custody to appellant. The original decree gave visitation rights to appellant and the modification decree gave visitation rights to appellee. Appellee filed no answer to the petition for modification; nor did she make any other appearance in the modification proceeding.

As already shown, appellant filed his petition for custody in the Jefferson County Juvenile and Domestic Relations Court on January 21, 1957, after rendition of the modification decree of January 14, 1957.

Appellant's position is that he is entitled to custody by virtue of the Texas decree of modification, there being no showing of an emergency as to the immediate welfare of the children which would authorize the Alabama court to determine the children's custody contrary to the Texas decree.

Appellee takes the position that the Texas decree is of no effect here because this proceeding was brought under the provisions of Code 1940, Tit. 62, § 310 et seq., supra, which deals with "de-

pendent, neglected, or delinquent children"; that, even if full faith and credit should be given a foreign decree in determining custody under said statutes, the Texas decree in this instance can have no effect because appellee had no notice of the modification proceeding before that court.

Our conclusion is that the Texas decree is of controlling effect and that the trial court erred in awarding custody to appellee.

Appellee apparently agrees that there was no showing of an emergency as to the immediate welfare of the children. As stated in her brief:

"*  *  * [T]he facts and circumstances involved upon this appeal do not involve a matter of 'emergency' *  *  *."

Although the Juvenile and Domestic Relations Court deals with "dependent, neglected, or delinquent" children, Section 311, Tit. 62, defines a "dependent child" as meaning:

"*  *  * [A]ny male child, who while under sixteen years of age, or any female child who while under eighteen years of age, residing or being in such county, for any reason, is destitute, homeless, or is dependent on the public for support; or whose parent, or parents, for good cause, desire to be relieved of its care and custody; or who is without a parent or guardian able to provide for his or her support, training and education; or *whose custody is the subject of controversy,* or who is mentally defective, or mentally distorted. *  *  *" [Emphasis supplied.]

█ This proceeding involves children "whose custody is the subject of controversy." Accordingly, the Juvenile and Domestic Relations Court and the Circuit Court, in equity, had authority to determine which party should have custody.

The record contains an authenticated copy of the decree of the Texas court modifying its original decree and also an authenticated copy of the sheriff's return of service on appellee of a true copy of appellant's petition and a citation to appellee to appear and answer said petition.

The only evidence offered by appellee challenging the Texas court's jurisdiction was her testimony that she received no notice of the modification proceeding. What was said in Howard v. Drinkard, 261 Ala. 555, 556, 74 So.2d 704, is dispositive of this contention:

"*  *  * A strong presumption is indulged in favor of the correctness of a sheriff's return, and the party challenging it, whether at law or equity, has the burden of establishing lack of service by clear and convincing proof. Bastian-Blessing Co. v. Gewin, 217 Ala. 592, 117 So. 197; Gray v. Handy, 204 Ala. 559, 86 So. 548; Dunklin v. Wilson, 64 Ala. 162. Accordingly, the general rule is that the return will not be invalidated upon the uncorroborated statement of the party denying service. Eidson v. McDaniel, 216 Ala. 610, 114 So. 204; King v. Dent, 208 Ala. 78, 93 So. 823."

█ The law applicable to this case on the question of the effectiveness of the Texas decree is clearly and fully stated in Stallworth v. Stallworth, 272 Ala. 449, 454, 131 So.2d 867, as follows:

"In the case of Forbes v. Davis, 187 Ala. 71, 65 So. 516, this court held that if a judgment of a sister state was properly authenticated and produced on the trial of the case in Alabama and there was a want of jurisdiction to render the judgment that does not appear upon the face of the properly certified transcript, then it must be presumed prima facie that the court rendering it had jurisdiction to do so. In the case here referred to this court further held that

**80**

if the court rendering the judgment in another state did so in an illegal and improper manner and had no jurisdiction to do so, the burden was on the defendant to assert that fact and produce evidence to overcome the presumption.

"* * * Since the decree of the Louisiana Court appears on its face to be a valid and binding decree and nothing appearing that the Louisiana Court did not have jurisdiction, then full faith and credit must be given to the decree of the Louisiana Court.

"In Ex parte Burch, 236 Ala. 662, 184 So. 694, this court held that where two or more courts have concurring jurisdiction, the one who first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction to the final determination of the action and the enforcement of its judgments or decrees. In this connection see also Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399; Burns v. Shapley, 16 Ala.App. 297, 77 So. 447.

"A mother armed with a duly authenticated decree of a court of competent jurisdiction awarding custody of children to her as the agent and trustee of the state is entitled to the custody of such children. State v. Black, 239 Ala. 644, 196 So. 713. * * *"

In view of what has been said, there is no need to decide whether the circuit court, in equity, in the exercise of its inherent jurisdiction, independent of the statutes (Code 1940, Tit. 62, §§ 307, 310 et seq., supra), should have rendered a decree awarding custody to appellant on the basis of the Texas decree of modification. Our holding is that, considering the instant proceeding as one controlled by such statutes, full faith and credit should have been given to the decree of the Texas court; there being no showing of an emergency as to the im-

mediate welfare of the children which would authorize the circuit court, in equity, to determine the children's custody contrary to the Texas decree.

The decree is reversed and the cause remanded to the trial court for disposition not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.