301 So.2d 188

**Joan Carolyn McGough LAWTON**

v.

**William L. McGOUGH.**

**Civ. 330.**

Court of Civil Appeals of Alabama.

July 31, 1974.

Rehearing Denied Aug. 28, 1974.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Najjar, Najjar & Vincent, Birmingham, for appellee.

WRIGHT, Presiding Judge.

Appellant, Joan Carolyn McGough Lawton, and appellee, William L. McGough, were married in Walker County, Alabama, in 1959. They are the parents of three minor children, a boy and two girls, ages 14, 12, and 10, who are the subjects of this litigation.

In 1966 the family was living in Joliet, Illinois, where appellee was employed. On or about May 3, 1966, appellant consulted an attorney for the purpose of instituting divorce proceedings and at approximately the same time she took the three children with her to her brother's home in nearby Elgin, Illinois. While appellant was absent from her brother's home, appellee took the children and brought them to Birmingham where he established a residence with his sister and her husband.

On May 16, 1966, the Juvenile and Domestic Relations Court of Jefferson County, upon appellant's petition, issued an order directing that the children be placed in the physical custody of appellant for their return to the jurisdiction of the Circuit Court of Will County, Illinois, pending further orders of that court. The two girls were brought into court and turned over to appellant but the boy could not be located. Appellant returned to Illinois with the two girls.

On June 29, 1966, the Circuit Court of Jefferson County, Alabama, in equity, upon complaint of appellee, rendered a decree of divorce and granted custody of the three children to him. This decree was held to be null and void by this court on September 22, 1971. McGough v. McGough, 47 Ala.App. 709, 261 So.2d 49 [cert. denied, 288 Ala. 746, 261 So.2d 53].

At some time between May and November of 1966 appellant and the two girls were visiting with her parents in Walker County when appellee took custody of the two girls and relying on the divorce decree giving him custody refused to return them to appellant.

On November 16, 1966, the Circuit Court of Will County, Illinois, rendered a decree dissolving the marriage of the parties and granting the custody of the three children

to appellant. On December 12, 1966, the Juvenile and Domestic Relations Court of Jefferson County entered a decree, based on the Illinois decree, ordering that the children be taken and placed in the "Parental Home of this court." However, this order was never executed.

On December 16, 1966, appellant filed a Bill of Review challenging the Alabama divorce decree. Following an adverse ruling of the trial court, she appealed to this court and we reversed holding that divorce decree to be null and void. McGough v. McGough, supra. After the Supreme Court denied certiorari, appellant petitioned the Family Court of Jefferson County for custody basing her claim on the Illinois Divorce decree. On August 27, 1973, a final decree was entered awarding custody to appellee with rights of visitation in appellant. Appellant then appealed to the Circuit Court of Jefferson County, in Equity, and a de novo hearing was held. On December 11, 1973, a decree was rendered in essence affirming the Family Court decree and this appeal follows.

Appellant has assigned four assignments of error but has argued only assignment 4 which is a general assignment contending that the court erred in entering its decree. The other three assignments are waived. Supreme Court Rule 9.

Appellant's primary argument is that the court erred in refusing to give full faith and credit to the Illinois decree.

We affirm the judgment below upon authority of People of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, and our own recent case of Kenneth Wayne Gray v. Department of Pensions and Security, 296 So.2d 918 [1974].

■ If the parties and children, whose custody is involved, are properly before the court of this state upon a petition for custody, a prior decree of a sister state fixing custody is not res judicata upon the issue of custody except as to the facts and circumstances before the court at the time of such prior decree. If the courts of the state in which the decree of custody was entered have the power to modify, such decree is not conclusive in the courts of this state. The courts of Alabama, with jurisdiction of the children properly invoked, has as much right to modify the original decree of custody as does the state where it was rendered.

■ It is unnecessary to consider the issue of jurisdiction of the court of Illinois over either the children or appellee at the time of the filing of the divorce action by appellant or at the entering of the decree. Full faith and credit of the Illinois decree is not required under the facts of this case. Halvey v. Halvey, supra.

■ The trial court heard the evidence on the controlling question of the best interest of the children. We entertain the presumption of the correctness of its decree. We find no error in granting custody to the father with whom the children have lived happily and securely for some seven years. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726.

Affirmed.

## ON REHEARING

Appellant on rehearing submits that our original opinion is contrary to prior decisions of the Supreme Court of Alabama and should be set aside. Appellant says that the contrary decisions of the Supreme Court referred to are Hajovsky v. Hajovsky, 276 Ala. 77, 159 So.2d 194; Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867; Sappington v. Fort, 258 Ala. 528, 63 So.2d 591.

We have carefully studied these cases and do not find them contrary to the principle pronounced in our original opinion. Hajovsky and Stallworth give lip service to the constitutional requirement of full faith and credit in divorce and child custo-

dy cases. However, the reference must be considered in light of the matters in issue in the cases. In both cases, there was involved the almost simultaneous decrees of courts with concurrent jurisdiction. These cases merely hold that the exercise of jurisdiction by the courts of one state resulting in a final decree on the issues, precludes the exercise of concurrent jurisdiction by the courts of another state in an action between the same parties on the same issues. This is merely recognition of the principle of res judicata upon which full faith and credit is founded. It was required in each of the decisions, that the decree entered by another state within a few days prior to the consideration in Alabama be accepted by Alabama courts as final and determinative of the issues decided. However, each case recognizes that should new issues be presented in the case presented to the Alabama court there could be a different result. Such new issue of course, involves matters affecting the best interest and welfare of the children occurring since the decree of the other state.

In the latter case cited by appellant on rehearing—Sappington v. Fort, *supra,* it was said, quoting in part from Lawrence v. Sawyer, 250 Ala. 577, 35 So.2d 207, as follows:

> " 'It has long been the settled rule in this jurisdiction that a minor is regarded as the ward of a court of chancery, and the court will not permit his well-being to be jeopardized by any judgment in a previous contest concerning his custody and care.' The foregoing applies with equal force to foreign decrees, such as the one here involved . . . . State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133."

The last paragraph in Sappington v. Fort, *supra,* furnishes the authority for the release of the courts of this state from the obligation of recognizing a prior decree of a foreign state pertaining to custody of children.

The remaining contention of appellant, that the evidence does not support the finding of a change of circumstances affecting the welfare of the children since the granting of the Illinois decree of November 16, 1966, is not realistic.

Rehearing is denied.

BRADLEY and HOLMES, JJ., concur.