307 So.2d 821 (1975)
Jimmy Ray BERRY, Plaintiff-Appellee,
v.
Ruby Farmer BERRY, Defendant-Appellant.
No. 4878.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
*822 Watson, Murchison, Crews & Arthur by Kenneth N. Simmons, Natchitoches, for defendant-appellant.
Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for plaintiff-appellee.
Before HOOD, MILLER and WATSON, JJ.
MILLER, Judge.
Defendant Ruby Farmer Berry appeals the judgment granting plaintiff Jimmy Ray Berry a divorce and custody of their eight and six year old boys. We affirm.
The parties resided in Marerro, Louisiana when the wife decided to separate. On November 28, 1972, while her husband was at work offshore, she took the boys and moved to Mobile, Alabama to live with friends she had met in Marerro. Four days later she filed suit for divorce in Alabama alleging incompatibility with her husband. Judgment was signed August 15, 1973, granting the divorce and awarding her the custody of her two boys.
On February 21, 1973, the husband filed suit in Natchitoches, Louisiana seeking a judicial separation grounded on abandonment. Husband was awarded a judicial separation on March 22, 1973, with reservation of his right to seek custody of his boys when and if the court acquired jurisdiction.
In February, 1974 wife had to seek new living accommodations and was unable to support the boys. She telephoned husband *823 to request that he take the boys for a few months. Husband and his parents drove to Mobile, picked up the boys and since that time the boys have resided (with their father when he is not working offshore) in the home of their paternal grandparents near Natchitoches.
On April 22, 1974, husband filed suit (in Natchitoches) for divorce based on having lived separate and apart for more than one year following the judicial separation. LSA-R.S. 9:302. After trial on the merits, husband was granted a final divorce and custody of his sons. The trial judge refused to recognize the Alabama divorce decree.
The wife alleges on appeal that the trial court erred in 1) refusing to give full faith and credit to the Alabama divorce and custody decree, and 2) awarding care, custody and control of the children to the father.
A divorce decree rendered in another state may be collaterally attacked by an interested party on proving the rendering court did not have jurisdiction. This rule is limited in that, if a party against whom the divorce judgment was rendered made an appearance, executed a waiver, or otherwise participated in the proceedings in the other state, such party is precluded from collaterally attacking the judgment. Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966). This limitation does not apply as the husband did not participate in the Alabama proceedings.
Divorce jurisdiction is founded on domicile. We are here concerned with whether or not the wife met the jurisdictional requirement of domicile when she filed the Alabama suit for divorce. Louisiana courts will extend full faith and credit to divorce decrees rendered by courts of other states except where it is established that the court rendering the decree did not have the jurisdictional requirement of domicile. The burden of undermining the decree of the other state rests heavily upon the assailant. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Juneau v. Juneau, 227 La. 921, 80 So.2d 864 (1955); Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946).
Title 34, Section 29, Code of Alabama, as amended in 1971 required the wife to reside in Alabama for six months before she could file suit for divorce. Furthermore the statute required that she allege and prove this residence. Since the wife had resided in Alabama only four days before she filed for divorce, she did not satisfy Alabama's residency requirement.
The local law of the state where the divorce decree was rendered determines whether a statute prescribing a period of residency within a state prior to filing for divorce is jurisdictional. When the statute is jurisdictional, failure to satisfy the residency requirement renders the divorce decree void and subject to collateral attack. The decree will then be denied full faith and credit. Restatement 2nd, Conflicts of Laws, § 70, comment "d".
Alabama courts have held that the failure to satisfy the residency requirement renders a divorce decree invalid and subject to collateral attack. Martin v. Martin, 173 Ala. 106, 55 So. 632 (1911); McGough v. McGough, 47 Ala.App. 709, 261 So.2d 49 (Ct. of Civ.App.1971), cert. denied 288 Ala. 746, 261 So.2d 53 (1972).
This court has previously refused to extend full faith and credit to another state's divorce decree where a residency requirement was not satisfied. Thompson v. Thompson, 212 So.2d 183 (La.App. 3 Cir. 1968), writ denied 252 La. 950, 215 So.2d 125 (1968).
The trial court properly refused to extend full faith and credit to the Alabama divorce and custody decree.
*824 The mother contends that the welfare of the children would best be served by granting custody to her, that the paramount consideration in determining custody is always the welfare of the children, and that she should not be denied custody unless she is found to be morally unfit or otherwise unsuitable.
Although the mother has the preferred right to custody (Abreo v. Abreo, 281 So.2d 695 [La.1973]; Estes v. Estes, 261 La. 20, 258 So.2d 857 [1972]; Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 [1971]), this preference is not absolute. The primary concern in custody cases is the welfare and best interest of the children. Fulco case, supra. On this premise, courts will deny custody to the mother when the circumstances are such that the children's best interest might be otherwise served. Nethkin v. Nethkin, 307 So.2d 563 (La.1975); Gulino v. Gulino, 303 So.2d 299 (La.App. 1 Cir. 1974).
Upon appellate review, the trial judge's determination in child custody matters is entitled to great weight. The trial judge is in the best position to evaluate the children's best interest from his overview of the conduct and character of the parties, the children, and the community standards. His decision on the issue will not be disturbed on review absent a clear showing of abuse of his discretion. Fulco case, supra.
The mother works in a bank and arranges for baby sitters when the boys are not in school. She has no relatives residing in Alabama to assist in raising her boys. The father resides with his parents near Natchitoches. He is employed as a driller and resides offshore seven days and with his parents the following seven days. The father's relatives reside next door, and the boys are able to play with cousins near their own ages.
The eight year old testified that he wanted to live with his father, and did not want to live with his mother. While the desires of the child may be a factor to consider, along with all the other circumstances of the case, the child's desires are not determinative as to custody or visitation rights. See Holley v. Holley, 158 So. 2d 620 (La.App. 3 Cir. 1963).
Even though there is no other evidence to indicate the mother's present circumstances are undesirable, there is no manifest error in the trial court's determination that the children's best interest is served by maintaining custody with the father. We find no abuse of discretion.
The trial court judgment is affirmed at appellant's costs.
Affirmed.